UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOUIS M. FRYSON, individually and as representative of a class,<br><br>    Plaintiff,<br><br>v.<br><br>UDREN LAW OFFICES, P.C.<br><br>    Defendant. | Civil Action No. |

## Complaint—Class Action

Plaintiff files this class action complaint for violation of the Fair Debt Collections Practices Act, 15 U.S.C. § 1592 *et seq.*, together with various state law claims and avers:

### Parties

1. The plaintiff is a citizen of the Commonwealth of Pennsylvania, residing at 141 Worrell Street, Chester, PA 19013.

2. The defendant professional corporation is a citizen of New Jersey with a principal place of business at 111 Woodcrest Road, Suite 200, Cherry Hill, NJ 08003-3620.

### Jurisdiction

3. The court has jurisdiction over the instant proceeding under 15 U.S.C. § 1692k(d), which provides for federal jurisdiction over actions brought under the Fair Debt Collections Practices Act, 15 U.S.C. § 1592 *et seq.* The court has supplemental jurisdiction over plaintiff's state law claims that arise from the same set of facts.

1

## Summary of Action

4. The defendant is a law firm that primarily represents lenders and is engaged in a substantial mortgage foreclosure practice in the Commonwealth of Pennsylvania.

5. In the course of its business, defendant sends collection letters to tell debtors how much they must pay to cure defaults on their mortgages and get their houses out of foreclosure.

6. Defendant inflates the figures it provides to debtors and demands payment of collection costs and expenses that have not yet been incurred and are not actually due and owing.

7. Sending inaccurate and inflated collection letters to debtors runs afoul of the Federal Fair Debt Collections Practices Act which prohibits debt collectors from making any false, deceptive, or misleading representations and specifically prohibits debt collectors from misrepresenting the character, amount, or legal status of any debt. 15 U.S.C. § 1692e.

8. Sending inflated collection letters to debtors facing foreclosure is particularly harmful because the letters could discourage homeowners who might actually have the funds to cure a default from doing so, resulting in the loss of the debtors' house even though it could have been saved.

**Factual Background**

9. The defendant is a debt collector within the meaning of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692e, and is presently representing the plaintiff's mortgage company in a disputed mortgage foreclosure action pending in the Court of Common Pleas, Delaware County, Pennsylvania,, captioned *Mortgage Electronic Registration Systems v. Fryson*, No. 05-14120.

10. The action was begun with the filing of a complaint at the court of common pleas on December 12, 2005.

12. The complaint was served on plaintiff on December 30, 2005.

13. On or about January 31, 2006, plaintiff filed an answer to the foreclosure complaint.

14. While these activities were pending, plaintiff requested information on the amount he had to pay to cure his default and reinstate the mortgage.

15. Defendant responded to this request on or about January 16, 2006, by sending plaintiff a letter, a copy of which is attached hereto and marked Exhibit "A."

16. The letter, which appears to be base on a form, grossly overstated the amount plaintiff actually owed and would have had to pay at the time to reinstate his mortgage.

17. Even though defendant had not yet taken a judgment against plaintiff in the foreclosure action (and still does not have a judgment) defendant demanded plaintiff pay various expenses that would only come due after defendant obtained a foreclosure judgment, including, but not limited to:

      (a). A judgment fee of $36;

      (b). A $2,000 sheriff's deposit, to be used by the sheriff to pay the costs of conducting a sheriff's sale;

      (c). A fee of $125 for filling out a Rule 3129 affidavit (Pa.R.C.P. No. 3191.1), which is a form that is only filled out after a mortgagee obtains a judgment and is preparing to sell the debtor's property at a sheriff's sale;

      (d). An $84.64 fee to stay a sheriff's sale;

      (e). Non-prorated attorney's fees representing the full charge for bringing a foreclosure action to conclusion at a sheriff's sale.

## Class Action Allegations

18. The purpose of bringing this case as a class action is to stop defendant from sending deceptive and misleading collection letters to homeowners in Pennsylvania facing foreclosure.

19. Plaintiff's objective is to enjoin defendant from engaging in this practice in the future and where applicable obtain statutory damages for people who have been victimized in the past.

20. Plaintiff is filing this action as a representative of a class defined as follows:

      (a). All Pennsylvania residents who:

          (i). are homeowners;

          (ii). are alleged to be behind on their mortgages;

          (iii). have received a collection letter from the defendant:

      (A). within one year preceding the filing of this law suit, or;

      (B). at any time in the future;

    (v). are asked to pay collection fees and costs which have not yet come due and are not owed, including specifically fees and costs relating to the enforcement of judgments before judgments have been obtained.

  21. Joinder of all class members is impracticable because there are too many potential class members:

   (a). Defendant engages in a volume foreclosure practice throughout the Commonwealth of Pennsylvania and discovery is likely to uncover that defendant handles thousands of such cases in a year's time;

   (b). Defendant's January 16, 2006, collection letter appears to be based on a form, meaning that similar letters were likely sent out to hundreds if not thousands of debtors in Pennsylvania, the exact number to be revealed in discovery; and

   (c). There are potentially thousands of Pennsylvania homeowners who could in the future be sent similarly inflated collection letters.

  22. There are questions of law and fact common to the class, including, but not limited to: (a) whether the defendant sent collection letters alleging indebtedness for fees and costs that had not yet come due, including specifically costs related to the enforcement of judgments that had not yet been obtained; and (b) whether sending such letters violates applicable law, including the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1592, the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. §

2270.4, and/or the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-9.1.

23. The claims and defenses of the representative parties regarding the issues referenced above in paragraphs 22 are typical of the claims and defenses applicable to the class.

24. The representative party will fairly and adequately protect the interests of the class. Plaintiff's counsel at Community Impact Legal Services, Inc., have combined legal practice experience of approximately 40 years and regularly handle consumer cases involving the enforcement of consumer protection laws for the benefit of mortgagors.

25. This case is maintainable as a class action pursuant to F.R.C.P. No. 23(b)(1)(B):

    (a). The adjudication of the plaintiffs' class claims will be dispositive of the interests of other members not party to the adjudication; and

    (b). The claims concern practices and policies generally applicable to the entire class.

26. This case is maintainable as a class action pursuant to F.R.C.P. No. 23(b)(2):

    (a). The party opposing the class has acted or refused to act on grounds generally applicable to the class thereby making final injunctive and declaratory relief appropriate to the class as a whole.

(b). Final injunctive and declaratory relief will be necessary to prohibit defendant in the future from sending collection letters asserting liability for fees and costs that have not yet been incurred and are not yet owed.

27. The case is also maintainable as a class action under F.R.C.P. No. 23(b)(3) because questions of law and fact predominate over questions effecting class members individually:

(a). The case seeks to reform and correct practices and policies applicable across the board to class members generally;

(b). Statutory damage will be able to be determined in a uniform manner on a class wide basis;

(c). The litigation of the cases individually, if initiated by every class member, would be substantially more burdensome than handling the cases on a class wide basis; and

(d). Many, if not most, class members might not obtain relief without a class action.

### Count I

28. Plaintiff violated the Fair Debt Collection Practices Act by:

(a). Using false, deceptive, or misleading representations in the course of collecting a debt in violation of 15 U.S.C. § 1692e;

(b). Falsely representing the character, amount, or legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A);

(c). Demanding payment of an inflated amount of mortgage arrears in excess of the amount actually required to reinstate plaintiff's mortgage; and

(d). Failing to disclose the then existing actual amount of plaintiff's mortgage arrears.

## Count II

29. Plaintiff violated the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.5(a), by:

(a). Committing the above referenced violations of the Federal Fair Debt Collections Practices Act.

## Count III

30. The Unfair Trade Practices and Consumer Protection Law ("UTPCPL") renders it unlawful for any person engaging in a trade or business to commit unfair and deceptive acts and practices. 73 P.S. § 201-3.

31. The defendant is a person engaging in a trade or business within the meaning of the UTPCPL.

32. Defendant engaged in unfair and deceptive acts, including, but not limited to:

(a). Misrepresenting to plaintiff in violation of 73 P.S. § 201-2(4)(ii), (v), (vii), (xviii), & (xxi), the amount of his mortgage arrears, representing that the arrears consisted of fees and costs that had not yet come due and would not have to be paid to reinstate the mortgage as of the date of the representation;

   (b). Misrepresenting to defendant in violation of 73 P.S. § 201-2(4)(ii), (v), (vii), (xviii), & (xxi), the amount necessary to reinstate his mortgage as of the date of defendant's collection letter;

   (c). Misrepresenting to plaintiff in violation of 73 P.S. § 201-2(4)(ii), (v), (vii), (xviii), & (xxi), that he was required to pay more than he actually owed in order to reinstate his mortgage;

   (d). Violating the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.5; and

   (e). Violating the Federal Fair Debt Collection Practices Act, 15 USCS § 1692e.

  WHEREFORE, plaintiff requests relief as follows:

  (a). Find, determine and declare that defendant violated the Federal Fair Debt Collection Practices Act, the Pennsylvania Fair Credit Extension Uniformity Act and the Unfair Trade Practices and Consumer Protection law;

  (b). Grant plaintiff an award of statutory and actual damages consistent with 15 U.S.C. § 1692k(a)(1)&(2) and grant the class an award of damages consistent with 15 U.S.C. § 1692k(a)(2)(B);

  (c). Enjoin defendant from sending out inflated collection letters in the future that demand payment of sums not yet due; all such letters must be required at a minimum to state the current amount of a debtor's mortgage arrears that must be paid as of the date of the letter to reinstate the debtor's mortgage;

   (d). Grant plaintiff and the class any additional, supplemental or alternative relief that is just and appropriate.

    /s/Robert F. Salvin
    Robert F. Salvin (RFS2522)
    COMMUNITY IMPACT LEGAL
    SERVICES, INC.
    419 Ave. of the States, Suite 201
    Chester, PA  19102
    (610) 876-0804