**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

```
-----------------------------X
LOUIS M. FRYSON, Individually       :
and as representative of a class     :
                                    :
                                    :        Civil Action No. 07-0164
          Plaintiff,                :
                                    :
v.                                  :
                                    :
UDREN LAW OFFICES, P.C.             :
                                    :
          Defendant.                :
-----------------------------X
```

## O R D E R

      AND NOW, this _____ day of _____, 2007, upon consideration of

Defendant Udren Law Offices, P.C.'s Motion to Dismiss the Complaint, and the response

thereto, if any, it is hereby

      ORDERED that the Motion is GRANTED, and it is further

      ORDERED that the Complaint is DISMISSED WITH PREJUDICE.


                                          **BY THE COURT:**


                                        _____
                                                 J.

#2858907 (999999.185)

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
-------------------------------X
```
LOUIS M. FRYSON, Individually          :
and as representative of a class       :
                                       :
                                       :          Civil Action No. 07-0164
                Plaintiff,             :
                                       :
v.                                     :
                                       :
UDREN LAW OFFICES, P.C.                :
                                       :
                Defendant.             :
```
-------------------------------X
```

## DEFENDANT'S MOTION TO DISMISS

Defendant, Udren Law Offices, P.C., by its undersigned counsel, respectfully moves this

Court for an Order dismissing the Complaint of Plaintiff Louis M. Fryson, individually and as

representative of a class with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure.  In further support of this motion, Defendant incorporates by reference the annexed

Memorandum of Law.

                                  Respectfully submitted,

                                  **WILENTZ, GOLDMAN & SPITZER, P.A.**


Date:                     **BY:**     _____
                                          Daniel S. Bernheim, 3d, Esquire
                                          Jonathan J. Bart, Esquire

#2858907 (999999.185)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

-------------------------------X
LOUIS M. FRYSON, Individually      :
and as representative of a class    :
                                    :
                                    :        Civil Action No. 07-0164
            Plaintiff,              :
                                    :
v.                                  :
                                    :
UDREN LAW OFFICES, P.C.             :
                                    :
            Defendant.              :
-------------------------------X

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Defendant Udren Law Offices, P.C. ("Udren"), by its undersigned counsel, respectfully submits this Memorandum of Law in support of its Motion to Dismiss the Complaint of Plaintiff, Louis M. Fryson ("Fryson"), individually and as a representative of putative class pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### I. PRELIMINARY STATEMENT

The Complaint filed on behalf of Fryson is a transparent attempt to "put an adversary at risk" in one action so as to influence the outcome of another action. Fryson currently is a defendant in a mortgage foreclosure action pending for over a year in the Court of Common Pleas of Delaware County, Pennsylvania in which he is represented by the same counsel as in the instant action. A copy of the docket in the Delaware County action (of which this Court may

#2858907 (999999.185)

take judicial notice) is attached hereto as Exhibit "A". While represented by counsel in the

foreclosure action, Fryson requested a verification of his mortgage debt and the amount which he

would be required to pay to reinstate his mortgage. Complaint (Exhibit "B" hereto), ¶14. On

January 16, 2006, Udren responded to the request with a "reinstatement information notice"

which listed both payments due, fees which had accrued and were due, as well fees which would

be incurred in the foreclosure process as it went forward but which may not yet had been

incurred. See, Complaint, ¶15 and Exhibit "A" thereto.[1]  Again, it should be repeated that

Fryson was not a pro se litigant but rather, was represented by counsel who, as alleged in the

Complaint, has "combined legal practice experience of approximately forty (40) years and

regularly handled consumer cases involving the enforcement of consumer protection laws for the

benefit of mortgagors." Complaint, ¶24.

When he saw the notice, did Fryson's counsel contact Udren's office and inquire as to the

actual fees which had been incurred as of the date of the notice? **No**. Did Plaintiff's counsel's

office contact Udren's office and question whether the form utilized could be tailored so as not to

mislead his potential constituents of consumer community legal services? **No**. Did Plaintiff's

counsel's office do **anything**  to insure that the alleged "inaccurate and inflated collection letter"

would not be sent out to other mortgagors because it "could discourage homeowners who might

actually have the --funds to cure a default from doing so?" (See, Complaint, ¶¶7-8) **No**. Rather,

Plaintiff's counsel held the letter in its "vest pocket" until various attempts to obtain

---

[1] Ironically, the form which Fryson (who is represented by Community Legal Impact Services) complains is a form negotiated by Udren with Irv Ackelsberg - - formally the head of Philadelphia Community Legal Services and currently a candidate for Philadelphia City Council. Thus, this case involves an assertion by a different Community Legal Services office that a form drafted with input from Community Legal Services to satisfy its concerns about Reinstatement notices is somehow misleading to the very constituency which Community Legal Services represents. While this issue is not determinative at this stage of the proceedings, this background may better paint the picture for this Court about the tactical nature of and motivation for this lawsuit.

reinstatement and/or settlement for less than the contractual amount had failed. Then, on January 17, 2007[2] Fryson, on behalf of a putative "class" (which he apparently had permitted to suffer damage by doing nothing about the misleading "notice" for over a year - - reflecting his lack of suitability as a class representation) filed the instant action in this Court. While Udren submits that the notice, which was sent out in the course of foreclosure proceedings is not misleading as a matter of law (especially where, as here, the mortgagor is represented by counsel), the Court's analysis need not go to that issue (although it is discussed below). That is due to the fact that the instant claim is barred on its face by the one year non-waivable, non-tollable statute of limitations. Under a long line of cases, including one directly on point emanating in this district, a Fair Debt Collection Practices Act claim accrues on the date the offending communication is mailed - - not when it is received - - and the statute of limitations is not subject to tolling. As the Complaint on its face admits that the alleged offending communication was sent on January 16, 2006 (Complaint, ¶15 and Exhibit "A" thereto) and this action was commenced more than one year later - - on January 17, 2007, the action is barred by 15 U.S.C. §1592k(d) - - a statute of limitations which is jurisdictional and non-tollable. While Udren takes a certain degree of umbrage at being sued by a Community Legal Services office for the use of a notice developed with the assistance of Community Legal Services of Philadelphia, the instant Complaint also is defective on the ground that there is nothing which conceivably could be misleading or deceptive to **this plaintiff - - represented by experienced and competent consumer counsel.** While Udren acknowledges that for an unrepresented debtor, the standard for an FDCPA claim is that of the "least sophisticated consumer," Fryson was no such consumer. As a matter of law, this

---

[2] A copy of the docket for this action, reflecting that the case was filed on January 17, 2007, is attached hereto as Exhibit "C".

-3-

Court can conclude that a reinstatement letter sent to a mortgagor represented by counsel in a foreclosure action reflecting contingencies as to costs which may be incurred in the foreclosure process either are understandable to the client and actually known to that counsel. Notably Fryson does not allege that he may have been misled by the "asterisk" items on the reinstatement form, nor that he sought guidance from his counsel and that his counsel was unable to obtain clarification of actual costs which had been incurred as of the date of an attempted reinstatement. Indeed, Udren submits that there is a condition precedent to all of this, i.e., that Fryson was **ready, willing and able** to pay the **non-asterisked** sums listed on the Reinstatement form but was unable to reinstate because of the allegedly offending entries. No such allegation can be found in this complaint. It is thus submitted that the claim is deficient on the merits as well.

For both of these reasons, Udren submits that the Motion to Dismiss should be granted in its entirety.

## II. STANDARDS FOR THIS MOTION

On a motion to dismiss a complaint for failure to state a claim for relief pursuant to F. R. Civ. P. 12(b)(6), all well-pleaded facts in the complaint are accepted as true. McNamara v. County Council of Sussex County, 738 F. Supp. 134, 137 (D. Del.), aff'd, 922 F.2d 832 (3d Cir. 1990); Bethlehem Plaza v. Campbell, 403 F. Supp. 966, 967 (E.D. Pa. 1975). However, a plaintiff must allege more than bald assertions of legal conclusions. Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991), cert. denied, 112 S.Ct. 1475 (1992); Randolph County Federal Savings & Loan Assn. v. Sutliffe, 775 F. Supp. 1113, 1115-16 (S.D. Ohio 1991). In order to avoid dismissal, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984), cert. denied, 470 U.S. 1054 (1985); In re

-4-

Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. 1981) cert. dismissed, 462 U.S. 1125

(1983). As stated by the Sixth Circuit:

> [W]e are not holding the pleader to an impossibly high standard;
> we recognize the policies behind Rule 8 and the concept of notice
> pleading. A plaintiff will not be thrown out of court for failing to
> plead facts in support of every arcane element of his claim. But
> when a complaint omits facts that, if they existed, would clearly
> dominate the case, it seems fair to assume that those facts do not
> exist.

Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988).

In the consideration of a motion to dismiss pursuant to Rule 12(b)(6), a court must limit

itself to facts stated in the complaint, in documents attached to the complaint, and matters of

which judicial notice may be taken under Fed. R. Evid. 201. Kramer v. Time Warner, Inc., 937

F.2d 767, 773 (2d Cir. 1991); Commonwealth of Pennsylvania v. Brown, 373 F.2d 771, 778 (3d

Cir. 1967). Judicial notice may be taken of matters of public record without converting a motion

to dismiss to a summary judgment motion. 5A Wright & Miller, Federal Practice and Procedure

§1364; Kramer v. Time Warner, Inc., supra. 937 F. 2d at 773 (3d Cir. 1991); DiNicola v.

DiPaolo, 945 F. Supp. 848, 855 n.2 (W.D. Pa. 1996). In particular, a federal court may and

should take judicial notice of the record in related state court proceedings.  Fed. R. Evid. 201(c)

and (d); see, e.g., United States ex rel Geisler v. Walters, 510 F.2d 887, 890 (3d Cir. 1975);

Iacaponi v. New Amsterdam Cas. Co., 379 F.2d 311, 312 (3d Cir. 1967), cert. den, 389 U.S.

1054 (1968) ; Allied Nut and Bolt, Inc. v. NSS Industries, Inc., 920 F. Supp. 626, 629 n. 1 (E.D.

Pa. 1996). These state court records may be examined for substance, as well as their existence.

Miles, Inc. v. Scripps Clinic and Research Foundation, 1991 WL 276450, No. 89-56302 (9th Cir.

1991) ("[a] district court may not only judicially notice the existence of a particular document,

but the substance of the document, as well."). Where facts alleged to be true in the complaint are

contradicted by facts that can be judicially noticed, those facts (in the complaint) will <u>not</u> be deemed to be true for the purposes of a Rule 12(b)(6) motion. 5A Wright & Miller, Federal Practice and Procedure, §1363.

## III.   **THIS ACTION IS TIME BARRED AND MUST BE DISMISSED**

Under the Federal Rules of Civil Procedure, a claim which is barred by an applicable statute of limitations on the face of the complaint may be dismissed on a Rule 12(b)(6) motion. <u>Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Management, LP.</u>, 435 F.3d 396, 400 (3rd Cir. 2006); <u>Benckini v. Coopersburg Borough</u>, 2006 W.L. 2504021 (E.D.Pa. 2006) (at *5) ("the statute of limitations can be asserted in a motion to dismiss under Fed.R.Civ.P. 12(b)(6) if noncompliance clearly appears on the face of the complaint."). As alleged in the complaint, the only basis for federal jurisdiction is federal question jurisdiction allegedly arising under the Fair Debt Collection Practices Act, 15 U.S.C. §1692k(d). Complaint, ¶3. Under the FDCPA:

> An action to enforce any liability created by this subchapter may be brought in any appropriate United States District Court without regard to the amount in controversy, or in any other court of competent jurisdiction, **within one year from the date on which the violation occurs.**

15 U.S.C. 1692k(d) (emphasis added).

Under the FDCPA, a claim accrues when the alleged abuse of debt collection practice occurs - - not when the consumer becomes aware of the alleged abuse of practice. <u>Mattson v. U.S. West Communications, Inc.</u>, 967 F.2d 259, 261 (8th Cir. 1992); <u>Zhang v. Haven-Scott Associates, Inc.</u>, 1996 W.L. 355344 (E.D.Pa. 1996) (at *10). The one year limitation period in the FDCPA is jurisdictional and not subject to waiver or tolling. <u>Zhang v. Haven-Scott Associates, Inc.</u>, <u>supra</u>. at *10, <u>citing</u>, <u>Mattson</u>. Also see, <u>Chisolm v. Charlie Falk Auto</u>

-6-

Wholesalers, Inc., 851 F.Supp. 739, 749 (E.D.Va. 1999); Friedman v. HHL Financial Services, Inc., 1993 W.L. 286487 (N.D.Ill. 1993) (at *1).  Thus, the limitation period runs from the date of the alleged violation and **not** from the date on which plaintiff became aware of the alleged violation.  Id., at *10, citing, Maloy v. Philips, 64 F.3d 607, 608 (11th Cir. 1995).

Accordingly, where an FDCPA claim arises from the mailing of an alleged abusive misleading or fraudulent collection letter, the statute runs from the date the offending collection letter is mailed and **not** from the date that plaintiff received it.  Mattson v. U.S. West Communications, Inc., supra, 967 F.2d at 261 ("once SIC placed the letters in the mail, its conduct with respect to any violation of the FDCPA was complete.  The date on which SIC mailed the letters was its last opportunity to comply with the FDCPA and the mailing of the letters, therefore, triggered §1692k(d)"); Zhang v. Haven-Scott Associates, Inc., supra, 1996 W.L. 355344 (at *10).  Also see, Maloy v. Philips, supra, 64 F.3d 607, 608 (11th Cir. 1995).  Indeed, Maloy is directly on point here.  In that case, a collection letter was mailed on November 13, 1992.  A complaint was filed on November 15, 1993.  Because that date was more than one year from the mailing, the claim was deemed to be time barred.  It was **not** the date of receipt but rather, the date of the mailing which was the controlling factor.[3]  In Mattson, supra, the debt collector mailed the collection letter on November 27, 1989 and the debtor filed her action on November 27, 1990.  Id. at 261.  The 8th Circuit held that the claim accrued on the date of mailing and that one year expired **the day before** the action was commenced.  Accordingly, the

---

[3] In Maloy, the court even gave the plaintiff one extra day, excluding the date of mailing and running the statute of limitations from the next day.  In Mattson, supra, the court held that the accrual date was the actual date of mailing. It does not matter in this case, since whether the date of accrual was the date of mailing or the next day, the claim still is time barred.

claim was time barred.  In Zhang, Judge Waldman of this district came to a similar conclusion

with respect to the accrual and bar of the one year FDCPA statute of limitations:

> [i]t appears that to the extent it is based on correspondence and
> conduct prior to April 12, 1994, plaintiff's FDCPA claim is time
> barred.  An FDCPA claim must be asserted within one year of an
> alleged violation.  See, 15 U.S.C. §1692k(d). . . . the one year
> limitation period and the FDCPA, however, **is jurisdictional** and
> not subject to waiver or tolling. . . . the limitations period runs
> from the date of the alleged violation and not the date on which the
> plaintiff became aware of it.

Id. at *10 (emphasis added) (citations omitted).

In this case, the complaint, on its face, alleges that the complained of letter was sent on

January 16, 2006.  Complaint, ¶15 and Exhibit "A" thereto.  One "year" under the FDCPA for

the purposes of the statute of limitations is 365 days in a non leap year, 366 days in a leap year.

Godfrey v. Patrick, 2006 W.L. 3692598 (W.D.Pa. 2006) (at *8 fn 4); Clark v. Bonded

Adjustment Company, Inc., 176 F.Supp. 2d 1062, 1065 fn. 1 (E.D.Wash.2001).  As the court in

Clark held, "[t]he year 2000 was a leap year; therefore, one year for the purposes of the FDCPA

was 366 days."  Id.  The court cited Merriweather v. Memphis, 107 F.3d 396, 398 (6th Cir. 1997)

for the proposition that a "year means 365 days in regular year, 366 days in leap year."  Id.  2006

was not a leap year, and accordingly, 365 days from January 16, 2006 is January 15, 2007.

While the courts are conflicted as to whether one additional day should be added under

Fed.R.Civ.P. 6, (compare Mattson-no extra day because Rule 82 overrules Rule 6 where a statute

is jurisdictional, with Maloy - - one extra day per Rule 6), that is immaterial in this case as the

complaint was not filed until **January 17, 2007.**  Accordingly, no matter how one analyzes

plaintiff's timeliness, the inescapable conclusion is that the claim was filed late.  As the FDCPA

one year statute of limitations is jurisdictional and non-tollable, the claim is thus absolutely barred jurisdictionally and must be dismissed with prejudice.

While Udren has been critical in this motion of the plaintiff's tactics - - claiming to be acting for the benefit of a class of potential injured consumers while holding the claim in his "vest pocket" to use as a bargaining chip while other consumers allegedly were being harmed - - Udren understands that tactics are part of litigation. However, so are statute of limitation. Here, the claim was not filed within the mandatory one year period and accordingly, Udren's motion to dismiss on the grounds of the bar of the statute of limitations should be granted.

## IV.    **THE FDCPA CLAIM FAILS TO STATE A CLAIM FOR RELIEF**

The purpose of the Fair Debt Collection Practices Act is to eliminate abusive debt collection practices, including misrepresentations, by debt collectors. 15 U.S.C. §1692(e),(a). The legislative history notes that the FDCPA was intended to avoid such collection abuses such as misrepresentation of the customer's legal rights, impersonating public officials or simulating legal process. See, S.Rep. No. 95-382, at 2 (1977) reprinted in 1977 U.S.C.C.A.N. 1695, 1696; Kropelnicki v. Siegel, 209 F.3d 118, 197 (2nd Cir. 2002). Under §1692(e), a debt collector "may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. 15 U.S.C. §1692(e). Section 1692(f) prohibits using unfair practices in an attempt to collect a debt.

Whether conduct violates the FDCPA is determined generally from the view point of the least sophisticated consumer. Clomon v. Jackson, 988 F.2d 1314, 1319 (2nd Cir. 1993). That standard is designed to protect all consumers, even the most naïve, against deceptive practices **as well as** to protect debt collectors "against liability for bizarre or idiosyncratic interpretations of collection notices." Clomon, supra, 988 F.2d at 1320. The "least sophisticated consumer", while

-9-

not as alert as judges or attorneys, are also not completely incompetent, but are presumed to have "rudimentary knowledge about the financial world, [are] wise enough to read collection notices with added care, possess "reasonable intelligence", and [are] capable of making basic logical deductions and inferences." Pettit v. Retrieval Masters Creditors Bureau, Inc., 211 F.3d 1057, 1060 (7th Cir. 2000). Also see, Clomon, supra at 1319 ("courts have consistently applied the least-sophisticated consumer standard in the manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices."). Where, as here, a consumer is represented by counsel, courts also look askance at the claim that they have been misled. See, Kropelnicki v. Siegel, supra, 209 F.3d at 127-28 (there are "serious flaws" in arguing that a violation of the FDCPA occurred where an attorney has been misled by a collection notice to the client's detriment). Absent an allegation that the consumer himself has been misled, a plaintiff fails to state a claim for a violation of the FDCPA. Kahen-Kashani v. National Action Financial Services, 2004 W.L. 1040384 (W.D.N.Y. 2004) (at *4).

**Nowhere** in this complaint does Fryson himself allege that **he** was in any way misled by the disputed letter from Udren's office. The letter itself makes it clear that certain fees may not yet had been incurred and, if plaintiff were to pay them and they had not been paid, they would be immediately refunded. As the plaintiff was represented by the same counsel who has brought this case, all that counsel had to do was pick up the phone and make inquiry as to whether any of the asterisked fees had been paid. Certainly, both plaintiff and his counsel knew that judgment in foreclosure had not been entered and nothing in the letter misled them concerning the status of the foreclosure litigation. With no conceivable impact upon the plaintiff, who never made any effort to reinstate his mortgage in the foreclosure action but rather, simply continued to litigate (while not paying his mortgage), it is a mystery as to how the plaintiff could claim that he was

misled. Indeed, there is no such allegation. All of the allegations come from the lawyer, who certainly knew what was due and what was not due as he was counsel in the foreclosure action itself. As held by the court in Kahen-Kashani, supra, such an allegation insufficient as a matter of law to satisfy the "least sophisticated consumer standard." Again, one must take the allegation that the action is brought to protect a potential class of potentially deceived mortgagors with a grain of salt, when the plaintiff held this notice for over a year before taking action. Udren submits that, as a matter of law, this set of facts does not suffice to satisfy the "least sophisticated consumer" standard required of a FDCPA claim, especially where there is no allegation anywhere in the complaint that the plaintiff was misled in any way. Accordingly, to the extent that the court reaches the merits of the FDCPA claim, the case should be dismissed for failure to state a claim upon which relief may be granted.

## V.  WITH THE DISMISSAL OF THE SOLE FEDERAL COUNT, THE REMAINING CLAIMS MUST BE DISMISSED

In United Mine Workers v. Gibbs, 383 U.S. 715 (1966), the Supreme Court held that where prior to summary judgment, claims constituting the basis for federal subject matter jurisdiction are dismissed, supplemental (then called ancillary) jurisdiction should not be exercised by the district court to consider solely state court claims. Eberts v. Wert, 1993 W.L. 304111 (E.D.Pa. 1983) (at *5), citing, United Mine Workers v. Gibbs, supra, 383 U.S. at 726; Weaver v. Marine Bank, 683 F.2d. 744, 746 (3rd Cir. 1982). Because in the instant case, the sole basis for federal court jurisdiction is the assertion of a FDCPA claim, the dismissal of that claim pursuant to a Rule 12(b)(6) motion mandates the dismissal of the remaining state law counts as well.

## VI. CONCLUSION

For all the reasons set forth herein, it is respectfully submitted that the complaint of plaintiff Louis M. Fryson, against Udren Law Offices, P.C. should be dismissed in its entirety.

Respectfully submitted,

**WILENTZ, GOLDMAN & SPITZER, P.A.**

Date:  February 21, 2007               **BY:** _____
                                            Daniel S. Bernheim, 3d, Esquire
                                            Jonathan J. Bart, Esquire

-12-

## CERTIFICATE OF SERVICE

I, Daniel S. Bernheim, 3d, Esquire, hereby certify that on February 21, 2007, I caused a

true and correct copy of Defendant's Motion to Dismiss to be served in accordance with the

instructions as directed by the notice of electronic filing addressed as follows:

Robert F. Salvin, Esquire
Community Impact Legal Services, Inc.
419 Avenue of the States, Suite 201
Chester, PA 19013

BY: _____

Dated: February 21, 2007                    Daniel S. Bernheim, 3d, Esquire
Attorney Identification No. 32736

WILENTZ GOLDMAN & SPITZER, P.A.
Suite 910
Two Penn Center Plaza
Philadelphia, PA 19102
(215) 569-0000
Attorneys for Defendant,
Udren Law Offices, P.C.

-13-

# EXHIBIT

# "A"

**Public Access**

(1471)                J U D I C I A L   S U P P O R T   C I V I L
            MISCELLANEOUS QUICK INQUIRY FOR DOCKET 05-014120   · ACTIVE «
CAPTION        ·MORTGAGE ELECTRONIC REG SYSTEMS INC VS FRYSON, L  «
INSTRUMENT TYPE 1 ·0040« ·MORTGAGE FORECLOSURE                    «
INSTRUMENT TYPE 2 ·   «·                                          «
INSTRUMENT TYPE 3 ·   «·                                          «
        FILE DATE ·12/12/2005« FILE TIME· 1:33PM«      BOOK·  « PAGE·   «
        CLOSE DATE ·        « FILE FEE · 203.00«
PLT        *
DEF  NO  A/I         LITIGANT NAME              FIRST ATTORNEY ASSIGNMENT
---  ---- -  ------------------------------------  -------------------------
PLT 0001  A  MORTGAGE ELECTRONIC REG SYSTEMS INC   004302 UDREN
DEF 0001  A  FRYSON, LOUIS M                       050991 SALVIN


------------------------------------------------------------------------------
                                                          XMIT »  «R

MESSAGES :


Copyright 2000 County of Delaware, PA

**Public Access**

```
(1472)           J U D I C I A L   S U P P O R T   C I V I L
            MISCELLANEOUS QUICK INQUIRY FOR DOCKET 05-014120
                  FILING  ATTY
DATE/TIME/NO      CODE    NO              FIRST LINE OF FILING
------------      ----   ------  -------------------------------------------------
12/12/2005        0226   004302  COMPLAINT FILED
 1:33PM  01                        203.00
12/12/2005        0219   004302  NOTICE TO DEFEND
 1:33PM  02
12/12/2005        0332   004302  VERIFICATION FILED
 1:33PM  03
12/12/2005        0401   004302  SITUATE 141 WORRELL ST CHESTER PA
 1:33PM  04
12/12/2005        0402   004302  BOOK NO.2141       PAGE NO.2145
 1:33PM  05
12/12/2005        0833   004302  CIVIL COVER SHEET
 1:33PM  06
01/10/2006        0409   999998  SERVED LOUIS M. FRYSON 12-30-05 W/C/C (TO DEFT )
 7:43PM  01                        42.30
01/31/2006        0999   999998  ANSWER TO COMPLAINT
10:50AM  01
------------------------------------------------------------------------------
                                                            XMIT »  «R

MESSAGES :
```

Submit

Quit

*Copyright 2000 County of Delaware, PA*

**Public Access**

```
(1472)           J U D I C I A L   S U P P O R T   C I V I L
                 MISCELLANEOUS QUICK INQUIRY FOR DOCKET 05-014120
              FILING  ATTY
DATE/TIME/NO  CODE    NO              FIRST LINE OF FILING
------------  ----   ------ ---------------------------------------------
10/10/2006    0103   004302 PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT FILED
 2:39PM  01
10/10/2006    0602   004302 206 COVER SHEET FILED
 2:39PM  02
10/10/2006    0482   004302 BRIEF FILED
 2:39PM  03
10/10/2006    0332   004302 VERIFICATION FILED
 2:39PM  04
10/10/2006    0380   004302 CERTIFICATE OF SERVICE FILED
 2:39PM  05
10/10/2006    0999   999998 PLAINTIFF'S REPLY TO DEFENDANT'S AFFIRMATIVE
 3:21PM  01
10/25/2006    0428   004302 PRAECIPE TO ATTACH AFFIDAVIT AND VERIFICATION TO
 2:02PM  01
10/25/2006    0199   004302 AFFIDAVIT FILED
 2:02PM  02
-----------------------------------------------------------------------

                                                  XMIT »   «R

MESSAGES :
```

[ Submit ]

[ Quit ]

*Copyright 2000 County of Delaware, PA*

**Public Access**

```
(1472)           J U D I C I A L   S U P P O R T   C I V I L
          MISCELLANEOUS QUICK INQUIRY FOR DOCKET 05-014120
              FILING  ATTY
DATE/TIME/NO  CODE    NO          FIRST LINE OF FILING
------------  ----   ------  ---------------------------------------------
10/25/2006    0332   004302  VERIFICATION FILED
  2:02PM  03
11/06/2006    0602   050991  206 COVER SHEET FILED
  3:59PM  01
11/06/2006    0999   050991  RESPONSE IN OPPOSITION TO MOTION FILED
  3:59PM  02
11/06/2006    0334   050991  MEMORANDUM OF LAW FILED
  3:59PM  03
11/06/2006    0380   050991  CERTIFICATE OF SERVICE FILED
  3:59PM  04
01/10/2007    1000   999998  ORDER FILED {PAGANO, J. 1-4-06} 236 N/S 1-16-07
 10:12AM  01
01/11/2007    0060   050991  PRAECIPE FOR THE APPEARANCE OF ROBERT F SALVIN
  2:05PM  01


------------------------------------------------------------------------

                                                      XMIT »  «R
MESSAGES :
```

Submit

Quit

*Copyright 2000 County of Delaware, PA*

# EXHIBIT "B"

## SUMMONS IN A CIVIL ACTION

| | |
|---|---|
| UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA | |

| | |
|---|---|
| LOUIS M. FRYSON, INDIVIDUALLY AND AS REPRESENTATIVE OF A CLASS<br><br>    v.<br><br>UDREN LAW OFFICES, P.C. | CIVIL ACTION NO. 07-164<br><br><br>TO: (NAME AND ADDRESS OF DEFENDANT) |

### YOU ARE HEREBY SUMMONED and required to serve upon

Plaintiff's Attorney (Name and Address)

    Robert F. Salvin, Esquire
    Community Impact Legal Services, Inc.
    419 Ave. of the States, Suite 201
    Chester, PA 19102

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

| | |
|---|---|
| Michael E. Kunz, Clerk of Court | Date: 01/17/07 |

(By) Deputy Clerk _Anne L. Caridi_
    Anne L. Caridi



**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**LOUIS M. FRYSON,** individually
and as representative of a class,

    Plaintiff,

    v.

**UDREN LAW OFFICES, P.C.**

    Defendant.

Civil Action No.

FILED 07 -0164

JAN 17 2007

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

07 JAN 15 PH 5: 43
USDC-EDPA
REC'D CLERK

## Complaint—Class Action

    Plaintiff files this class action complaint for violation of the Fair Debt Collections Practices Act, 15 U.S.C. § 1592 *et seq.*, together with various state law claims and avers:

### Parties

    1. The plaintiff is a citizen of the Commonwealth of Pennsylvania, residing at 141 Worrell Street, Chester, PA 19013.

    2. The defendant professional corporation is a citizen of New Jersey with a principal place of business at 111 Woodcrest Road, Suite 200, Cherry Hill, NJ 08003-3620.

### Jurisdiction

    3. The court has jurisdiction over the instant proceeding under 15 U.S.C. § 1692k(d), which provides for federal jurisdiction over actions brought under the Fair Debt Collections Practices Act, 15 U.S.C. § 1592 *et seq*.   The court has supplemental jurisdiction over plaintiff's state law claims that arise from the same set of facts.

1

## Summary of Action

4. The defendant is a law firm that primarily represents lenders and is engaged in a substantial mortgage foreclosure practice in the Commonwealth of Pennsylvania.

5. In the course of its business, defendant sends collection letters to tell debtors how much they must pay to cure defaults on their mortgages and get their houses out of foreclosure.

6. Defendant inflates the figures it provides to debtors and demands payment of collection costs and expenses that have not yet been incurred and are not actually due and owing.

7. Sending inaccurate and inflated collection letters to debtors runs afoul of the Federal Fair Debt Collections Practices Act which prohibits debt collectors from making any false, deceptive, or misleading representations and specifically prohibits debt collectors from misrepresenting the character, amount, or legal status of any debt. 15 U.S.C. § 1692e.

8. Sending inflated collection letters to debtors facing foreclosure is particularly harmful because the letters could discourage homeowners who might actually have the funds to cure a default from doing so, resulting in the loss of the debtors' house even though it could have been saved.

2

## **Factual Background**

9. The defendant is a debt collector within the meaning of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692e, and is presently representing the plaintiff's mortgage company in a disputed mortgage foreclosure action pending in the Court of Common Pleas, Delaware County, Pennsylvania,, captioned *Mortgage Electronic Registration Systems v. Fryson*, No. 05-14120.

10. The action was begun with the filing of a complaint at the court of common pleas on December 12, 2005.

12. The complaint was served on plaintiff on December 30, 2005.

13. On or about January 31, 2006, plaintiff filed an answer to the foreclosure complaint.

14. While these activities were pending, plaintiff requested information on the amount he had to pay to cure his default and reinstate the mortgage.

15. Defendant responded to this request on or about January 16, 2006, by sending plaintiff a letter, a copy of which is attached hereto and marked Exhibit "A."

16. The letter, which appears to be base on a form, grossly overstated the amount plaintiff actually owed and would have had to pay at the time to reinstate his mortgage.

17. Even though defendant had not yet taken a judgment against plaintiff in the foreclosure action (and still does not have a judgment) defendant demanded plaintiff pay various expenses that would only come due after defendant obtained a foreclosure judgment, including, but not limited to:

3

(a).  A judgment fee of $36;

(b).  A $2,000 sheriff's deposit, to be used by the sheriff to pay the costs of conducting a sheriff's sale;

(c).  A fee of $125 for filling out a Rule 3129 affidavit (Pa.R.C.P. No. 3191.1), which is a form that is only filled out after a mortgagee obtains a judgment and is preparing to sell the debtor's property at a sheriff's sale;

(d).  An $84.64 fee to stay a sheriff's sale;

(e).  Non-prorated attorney's fees representing the full charge for bringing a foreclosure action to conclusion at a sheriff's sale.

## Class Action Allegations

18.  The purpose of bringing this case as a class action is to stop defendant from sending deceptive and misleading collection letters to homeowners in Pennsylvania facing foreclosure.

19.  Plaintiff's objective is to enjoin defendant from engaging in this practice in the future and where applicable obtain statutory damages for people who have been victimized in the past.

20.  Plaintiff is filing this action as a representative of a class defined as follows:

(a).  All Pennsylvania residents who:

(i). are homeowners;

(ii).  are alleged to be behind on their mortgages;

(iii). have received a collection letter from the defendant:

4

(A). within one year preceding the filing of this law suit, or;

(B). at any time in the future;

(v). are asked to pay collection fees and costs which have not yet come due and are not owed, including specifically fees and costs relating to the enforcement of judgments before judgments have been obtained.

21.   Joinder of all class members is impracticable because there are too many potential class members:

(a). Defendant engages in a volume foreclosure practice throughout the Commonwealth of Pennsylvania and discovery is likely to uncover that defendant handles thousands of such cases in a year's time;

(b).  Defendant's January 16, 2006, collection letter appears to be based on a form, meaning that similar letters were likely sent out to hundreds if not thousands of debtors in Pennsylvania, the exact number to be revealed in discovery; and

(c).   There are potentially thousands of Pennsylvania homeowners who could in the future be sent similarly inflated collection letters.

22. There are questions of law and fact common to the class, including, but not limited to:  (a) whether the defendant sent collection letters alleging indebtedness for fees and costs that had not yet come due, including specifically costs related to the enforcement of judgments that had not yet been obtained; and (b)  whether sending such letters violates applicable law, including the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1592, the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. §

5

2270.4, and/or the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-9.1.

23. The claims and defenses of the representative parties regarding the issues referenced above in paragraphs 22 are typical of the claims and defenses applicable to the class.

24. The representative party will fairly and adequately protect the interests of the class. Plaintiff's counsel at Community Impact Legal Services, Inc., have combined legal practice experience of approximately 40 years and regularly handle consumer cases involving the enforcement of consumer protection laws for the benefit of mortgagors.

25. This case is maintainable as a class action pursuant to F.R.C.P. No. 23(b)(1)(B):

(a). The adjudication of the plaintiffs' class claims will be dispositive of the interests of other members not party to the adjudication; and

(b). The claims concern practices and policies generally applicable to the entire class.

26. This case is maintainable as a class action pursuant to F.R.C.P. No. 23(b)(2):

(a). The party opposing the class has acted or refused to act on grounds generally applicable to the class thereby making final injunctive and declaratory relief appropriate to the class as a whole.

(b).   Final injunctive and declaratory relief will be necessary to prohibit defendant in the future from sending collection letters asserting liability for fees and costs that have not yet been incurred and are not yet owed.

27.   The case is also maintainable as a class action under F.R.C.P. No. 23(b)(3) because questions of law and fact predominate over questions effecting class members individually:

(a).   The case seeks to reform and correct practices and policies applicable across the board to class members generally;

(b).   Statutory damage will be able to be determined in a uniform manner on a class wide basis;

(c).   The litigation of the cases individually, if initiated by every class member, would be substantially more burdensome than handling the cases on a class wide basis; and

(d).   Many, if not most, class members might not obtain relief without a class action.

### Count I

28.  Plaintiff violated the Fair Debt Collection Practices Act by:

(a). Using false, deceptive, or misleading representations in the course of collecting a debt in violation of 15 U.S.C. § 1692e;

(b).  Falsely representing the character, amount, or legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A);

7

(c). Demanding payment of an inflated amount of mortgage arrears in excess of the amount actually required to reinstate plaintiff's mortgage; and

(d). Failing to disclose the then existing actual amount of plaintiff's mortgage arrears.

## Count II

29. Plaintiff violated the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.5(a), by:

(a). Committing the above referenced violations of the Federal Fair Debt Collections Practices Act.

## Count III

30. The Unfair Trade Practices and Consumer Protection Law ("UTPCPL") renders it unlawful for any person engaging in a trade or business to commit unfair and deceptive acts and practices. 73 P.S. § 201-3.

31. The defendant is a person engaging in a trade or business within the meaning of the UTPCPL.

32. Defendant engaged in unfair and deceptive acts, including, but not limited to:

(a). Misrepresenting to plaintiff in violation of 73 P.S. § 201-2(4)(ii), (v), (vii), (xviii), & (xxi), the amount of his mortgage arrears, representing that the arrears consisted of fees and costs that had not yet come due and would not have to be paid to reinstate the mortgage as of the date of the representation;

8

(b).  Misrepresenting to defendant in violation of 73 P.S. § 201-2(4)(ii), (v), (vii), (xviii), & (xxi), the amount necessary to reinstate his mortgage as of the date of defendant's collection letter;

(c).  Misrepresenting to plaintiff in violation of 73 P.S. § 201-2(4)(ii), (v), (vii), (xviii), & (xxi), that he was required to pay more than he actually owed in order to reinstate his mortgage;

(d).  Violating the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. §_2270.5; and

(e).  Violating the Federal Fair Debt Collection Practices Act,  15 USCS § 1692e.

WHEREFORE, plaintiff requests relief as follows:

(a).  Find, determine and declare that defendant violated the Federal Fair Debt Collection Practices Act, the Pennsylvania Fair Credit Extension Uniformity Act and the Unfair Trade Practices and Consumer Protection law;

(b).  Grant plaintiff an award of statutory and actual damages consistent with 15-U.S.C. § 1692k(a)(1)&(2) and grant the class an award of damages consistent with 15 U.S.C. § 1692k(a)(2)(B);

(c).  Enjoin defendant from sending out inflated collection letters in the future that demand payment of sums not yet due; all such letters must be required at a minimum to state the current amount of a debtor's mortgage arrears that must be paid as of the date of the letter to reinstate the debtor's mortgage;

    (d).  Grant plaintiff and the class any additional, supplemental or alternative relief that is just and appropriate.

                  /s/Robert F. Salvin
                  Robert F. Salvin (RFS2522)
                  COMMUNITY IMPACT LEGAL
                  SERVICES, INC.
                  419 Ave. of the States, Suite 201
                  Chester, PA  19102
                  (610) 876-0804

# Exhibit "A"

# UDREN LAW OFFICES, P.C.

*WOODCREST CORPORATE CENTER*
*111 WOODCREST ROAD*
*SUITE 200*
*CHERRY HILL, NEW JERSEY 08003-3620*
*856 .669.5400*
*FAX: 856 .669 .5399*

MARK J. UDREN*
STUART WINNEG**
GAYL SPIVAK ORLOFF***
HEIDI R. SPIVAK***
MARISA JOY MYERS***
LORRAINE DOYLE**
ALAN M. MINATO***
*ADMITTED NJ, PA, FL
**ADMITTED PA
***ADMITTED NJ, PA
TINA MARIE RICH
OFFICE ADMINISTRATOR

PENNSYLVANIA OFFICE
215-568-9500
215-568-1141 FAX

> ### FREDDIE MAC
> ### PENNSYLVANIA
> ### DESIGNATED COUNSEL

*PLEASE RESPOND TO NEW JERSEY OFFICE*

January 16, 2006

Louis M. Fryson
141 Worrell Street
Chester, PA 19013


RE:   Mortgage Electronic Registration Systems, Inc
      Loan # 8011184952
      Our File #05110428

Dear Mr. Fryson:

As requested, enclosed please find reinstatement form, indicating the sum needed to reinstate the referenced mortgage.

Please note the following:
1.   **PAYMENT MUST BE SENT TO OUR NEW JERSEY OFFICE** and received by us no later than **February 14, 2006.** Thereafter, the reinstatement amount may change, and your check might be returned to you.

2.   The above cure amount must be by **\*\*\*CASHIER'S CHECK, CERTIFIED FUNDS OR MONEY ORDER payable to MARK J. UDREN, ESQUIRE\*\*\***. Any other form of payment **will be returned** to you.

**WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

If you have any questions, please call.

Very truly yours,

Pat Bonkowski
Legal Assistant
/pb
Enclosures

January 16, 2006                                    Page 2 of 2

Louis M. Fryson
141 Worrell Street
Chester, PA 19013


RE: Mortgage Electronic Registration Systems, Inc.
    Loan #0811184952
    Our File #05110428

### REINSTATEMENT INFORMATION NOTICE

| | |
|---|---:|
| Payments Due | $4,232.13 |
| Inspection Fees | 17.80 |
| Late Charges | 62.79 |
| Title Report | 325.00 |
| Prothonotary - File Complaint | 203.00 |
| Sheriff - Serve Complaint | 42.30 |
| Prothonotary - File Judgment | 36.00 |
| Attorney Fees | 875.00* |
| Prothonotary - Judgment Filing | 36.00* |
| Sheriff - Sale Deposit | 2,000.00* |
| Title Bringdown | 125.00* |
| Rule 3129 | 125.00* |
| Sheriff - Stay Sale  ( 2% of $4,312.72) | 84.64* |
| Prothonotary - Discontinue Action | 15.00 |
| Federal Express | 25.00 |
| Additional Attorney Fee | 375.00* |

**TOTAL AMOUNT TO REINSTATE**                      **$8,543.66**
**THIS AMOUNT IS GOOD THRU February 15, 2006**

NOTE:

1.   ANY ITEM MARKED " * " ANTICIPATED, IF NOT ACTUALLY EXPENDED,
     WILL BE REFUNDED TO MORTGAGOR IMMEDIATELY. ATTORNEY FEES ARE
     SUBJECT TO ADJUSTMENT PURSUANT TO PENNSYLVANIA ACT 6, IF
     APPLICABLE.

2.   PAYMENT MUST BE SENT TO OUR NEW JERSEY OFFICE and received by us
     no later than February 14, 2006  . Thereafter, the reinstatement
     amount may change, and your check might be returned to you.

3.   The above cure amount must be by ***CASHIER'S CHECK, CERTIFIED
     FUNDS, OR MONEY ORDER payable to MARK J. UDREN, ESQUIRE***. Any
     other form of payment will be returned to you.

# COMMUNITY
# IMPACT LEGAL SERVICES, INC.

419 Avenue of the States, Suite 201   •   Chester, PA 19013   •   610-876-0804   •   (fax) 610-876-0819

**Robert F. Salvin, Esq.**

February 2, 2007

Stuart Winneg, Esq., Managing Attorney
Udren Law Offices, P.C.
Woodcrest Corporate Center
111 Woodcrest Rd.
Suite 200
Cherry Hill, NJ 08003-3620

   **Re: Fryson v. Udren Law Office, P.C. 07-164**

Dear Mr. Winneg:

  Enclosed please find a complaint I filed against Udren Law Office, P.C., in connection with the misrepresentation in the reinstatement letter your office sent to Mr. Fryson last year.

  When it comes time to submit initial disclosures, the relevant documents will consist of the similar reinstatement letters sent to other mortgagors within a year before suit, especially ones that were sent prior to the date your office obtained a judgment.

  Thank you for your attention to this matter.  Please feel free to call me is you have any questions.

     Very truly yours,

     ROBERT F. SALVIN

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LOUIS M. FRYSON, individually
and as representative of a class,

          Plaintiff,

      v.

UDREN LAW OFFICES, P.C.

      Defendant.

Civil Action No.

07 - 164

## Certificate of Service

    I, Robert F. Salvin, Esq., certify that on February 2, 2007, I served the summons and complaint in the above case pursuant to F.R.C.P. No. 4(h)(1) & (e)(1) and Pa.R.C.P. Nos. 404(2) & 403 on the Udren Law Offices, P.C., by certified mail, restricted delivery, return receipt requested, to:

        Stuart Winneg, Esq., Managing Attorney
        Udren Law Offices, P.C.
        Woodcrest Corporate Center
        111 Woodcrest Rd.
        Suite 200
        Cherry Hill, NJ  08003-3620


        /s/Robert F. Salvin
        Robert F. Salvin (RFS2522)
        COMMUNITY IMPACT LEGAL
        SERVICES, INC.
        419 Ave. of the States, Suite 201
        Chester, PA  19102
        (610) 876-0804

1

## SUMMONS IN A CIVIL ACTION

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOUIS M. FRYSON, INDIVIDUALLY AND AS REPRESENTATIVE OF A CLASS<br><br>v.<br><br>UDREN LAW OFFICES, P.C. | CIVIL ACTION NO. 07-164<br><br>TO: (NAME AND ADDRESS OF DEFENDANT) |

### YOU ARE HEREBY SUMMONED and required to serve upon

Plaintiff's Attorney (Name and Address)

    Robert F. Salvin, Esquire
    Community Impact Legal Services, Inc.
    419 Ave. of the States, Suite 201
    Chester, PA 19102

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

| | |
|---|---|
| Michael E. Kunz, Clerk of Court | Date:  01/17/07 |

(By) Deputy Clerk  *Anne L. Caridi*
    Anne L. Caridi



# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

# COMMUNITY
# IMPACT LEGAL SERVICES, INC.

419 Avenue of the States, Suite 201     •     Chester, PA  19013     •     610-876-0804     •     (fax) 610-876-0819

**Robert F. Salvin, Esq.**

February 2, 2007

Stuart Winneg, Esq., Managing Attorney
Udren Law Offices, P.C.
Woodcrest Corporate Center
111 Woodcrest Rd.
Suite 200
Cherry Hill, NJ  08003-3620

Re:    **Fryson v. Udren Law Office, P.C. 07-164**

Dear Mr. Winneg:

Enclosed please find a complaint I filed against Udren Law Office, P.C., in connection with the misrepresentation in the reinstatement letter your office sent to Mr. Fryson last year.

When it comes time to submit initial disclosures, the relevant documents will consist of the similar reinstatement letters sent to other mortgagors within a year before suit, especially ones that were sent prior to the date your office obtained a judgment.

Thank you for your attention to this matter.  Please feel free to call me is you have any questions.

Very truly yours,

ROBERT F. SALVIN

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**LOUIS M. FRYSON,** individually
and as representative of a class,

        Plaintiff,

      v.

**UDREN LAW OFFICES, P.C.**

        Defendant.

Civil Action No.

07- 164

### Certificate of Service

    I, Robert F. Salvin, Esq., certify that on February 2, 2007, I served the summons and complaint in the above case pursuant to F.R.C.P. No. 4(h)(1) & (e)(1) and Pa.R.C.P. Nos. 404(2) & 403 on the Udren Law Offices, P.C., by certified mail, restricted delivery, return receipt requested, to:

        Stuart Winneg, Esq., Managing Attorney
        Udren Law Offices, P.C.
        Woodcrest Corporate Center
        111 Woodcrest Rd.
        Suite 200
        Cherry Hill, NJ  08003-3620

        /s/Robert F. Salvin
        Robert F. Salvin (RFS2522)
        COMMUNITY IMPACT LEGAL
        SERVICES, INC.
        419 Ave. of the States, Suite 201
        Chester, PA  19102
        (610) 876-0804